UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

ALLEN ROBERTS, JR.,

   Petitioner,

vs.

JOE COAKLEY, WARDEN,

   Respondent.

CASE NO. 4:14-CV-0009

OPINION & ORDER
[Resolving Doc. No.1]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

  Before the Court is *pro se* petitioner Allen Phyletus Roberts, Jr.'s petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. No. 1). Roberts, who is currently incarcerated at the Federal Satellite Low facility in Elkton, Ohio ("F.S.L. Elkton"), asserts he is entitled to be considered for 12 months placement in a half-way house pursuant to the Second Chance Act of 2007, 42 U.S.C. § 17501. For the reasons that follow, the Court **DENIES** the petition for writ of habeas corpus.

**I. Background**

  Roberts is serving a 60 months sentence imposed on April 20, 2012 in the United States District Court for the Middle District of Pennsylvania. *See United States v. Roberts*, No. 1:10CR0247 (M.D. Pa. 2010)(Conner, J.) He is scheduled for release from prison on January 9,

-1-

Case No. 4:14-CV-0009
Gwin, J.

2015. *See* http://www.bop.gov/inmateloc/.

In August 2013, Roberts's Unit Team recommended he spend 151 - 180 days in a Residential Re-entry Center (R.R.C.) or Community Correction Center (C.C.C.) prior to his scheduled release date. Roberts challenged the recommendation through an Informal Resolution Request, claiming the designated period was too brief. After the request was denied, Roberts continued to exhaust his administrative appeals through the Bureau of Prisons (BOP). Although he does not explain or attach a copy of the BOP's rationale for denying his request, Roberts now asks the Court to order the BOP to release him to an RRC or C.C.C. for a period of 9 - 12 months.

Roberts argues the decision to limit his RRC or C.C.C. placement to 151 - 180 days, violates the Second Chance Act. Noting that the Act was passed to allow prisoners the maximum allowable time to prepare to reintegrate into society, Roberts does not believe he has been afforded that right. In his opinion, he requires at least 9-12 months in a C.C.C. to prepare for his release. Since he has been removed from the community for over three years, Roberts needs time to "hone my previous job skills." (Doc. No. 1 at 7.) He believes the BOP's decision to limit his C.C.C. placement to 5 to 6 months is patently unreasonable. Moreover, he challenges the Unit Team's refusal to even consider his request to recommend additional time. Roberts claims the Team is refusing to reconsider its recommendation because it "relies on a 180 day cap" rather than an individualized determination. Without additional time, he claims the BOP will be violating the very purpose of the Act, to ensure prisoners have a reasonable opportunity to reacclimate.

Finally, Roberts maintains the BOP's decision to limit the length of his pre-release period is a disincentive to develop his skills. During his incarceration at FSL Elkton, Roberts enrolled in

-2-

Case No. 4:14-CV-0009
Gwin, J.

numerous skills development programs through the institution's "outside work cadre program." Although the program is designed to assist prisoners to successfully reenter society, Roberts complains the BOP is undermining the intent of the Second Chance Act when prisoners have so little time to prepare before they are thrust back into the general public.

## II. Legal Standards

A. 28 U.S.C. §2243

For any federal habeas petitioner, "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Dodge v. Johnson* 471 F.2d 1249, (6th Cir. 1973)(citing *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970)). Therefore, if "it appears from the application that the applicant or person detained is not entitled [to relief] thereto," the petition will be dismissed. *See* 28 U.S.C. §2243.

B. 28 U.S.C. § 2241

The federal habeas statute provides, in relevant part, that: "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). The statute only extends its reach to challenges that affect the length or duration of a prisoner's sentence. Thus, any claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)).

Case No. 4:14-CV-0009
Gwin, J.

### III. Discussion

The Second Chance Act mandates that the Director of the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C § 3624(c)(1)(emphasis added). Effective October 22, 2008, regulations were issued to outline procedures for the BOP to designate inmates to pre-release community confinement or home detention. *See* 28 C.F.R. § 570.20-22. The regulations say that the manner in which inmates are considered for pre-release community confinement "will be . . . consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and *of sufficient duration* to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part." 28 C.F.R. § 570.22.

Roberts's petition relies on the presumption that every inmate is entitled to 12 months placement in a C.C.C. or R.R.C. However, there is nothing in the statute or relevant case law that supports that theory. Nowhere in the statute does the phrase "of sufficient duration" translate to mean a full twelve months. Even conceding that Roberts would minimally be satisfied with nine months placement in C.C.C., nothing in the statute mandates post-release placement for that length of time either. What Roberts does not argue, and what the BOP is required to do, is that the BOP failed to evaluate his placement under the factors outlined in 18 U.S.C. § 3621(b).

Simply because the BOP has discretion to transfer or assign an inmate to a R.R.C. for "up

-4-

Case No. 4:14-CV-0009
Gwin, J.

to 12 months," does not mean it is required to provide a prisoner the full term. *See Atkins v. Garcia*, 816 F.Supp.2d 1108, 1114 (D.Colo. 2011)("nothing in the SCA, . . .justifies Applicant's contention that 12 months of RRC placement is presumptively necessary.") It is section 3621(b) that governs the transfer of inmates to other facilities, including halfway houses, and mandates the BOP designate the place of a prisoner's imprisonment based on:

>  (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence--
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

 Thus, the only remedy to which Roberts is entitled is an assurance that the BOP properly exercised its discretion by evaluating him under the criteria required by the Act. Other than noting he has been incarcerated for over three years, Roberts never argues the BOP failed to rely on the criteria set forth in the statute.[1] Thus, there is no reasonable suggestion the BOP failed to properly exercise its discretion, or improperly executed his sentence. Accordingly, Roberts is not entitled to habeas relief.

---

[1] If, as Roberts suggests, length of incarceration were the only criteria, then federal prisoners incarcerated for 20 years or more would seem more likely to receive 12 months placement in a C.C.C. or R.R.C. than he.

Case No. 4:14-CV-0009
Gwin, J.

### IV. Conclusion and Order

Based on the foregoing, the Petition is DENIED pursuant to 28 U.S.C. § 2243 (Doc. No. 1). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.


Dated: April 28, 2014                     *s/         James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE

---

[2]28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.